```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
TIMOTHY R. DEFOGGI,                 :
                                    :
          Petitioner,               :   Civ. No. 21-12428 (NLH)
                                    :
     v.                             :   OPINION
                                    :
THOMAS GUBBIOTTI, et al.,           :
                                    :
          Respondents.              :
_____:
```

APPEARANCES:

Timothy R. Defoggi
2946 SE 49 Place
Ocala, FL 34480

    *Petitioner Pro se*

Philip R. Sellinger, United States Attorney
Angela Juneau, Assistant United States Attorney
Office of the U.S. Attorney
970 Broad St.
Suite 700
Newark, NJ 07102

    *Counsel for Respondents*

HILLMAN, District Judge

    Petitioner Timothy Defoggi filed a petition for writ of mandamus arguing that the Federal Bureau of Prisons ("BOP") improperly calculated his Prison Assessment Tool Targeting Estimate Risk and Needs ("PATTERN") scores.  ECF No. 1.  The United States filed a response arguing the petition was moot because the BOP corrected Petitioner's PATTERN score and that he

is otherwise not entitled to mandamus relief.  ECF No. 19.  For the reasons that follow, the Court will dismiss the petition in part as moot and will deny the petition in part.

I.  BACKGROUND

Petitioner's federal sentence began on January 5, 2015.  ECF No. 19-1 at 9.  On May 3, 2021, Petitioner filed an informal resolution form (BP-8) at FCI Fort Dix, New Jersey, regarding his semi-annual PATTERN review.  ECF No. 1-1 at 3.  On August 10, 2020, Petitioner met with his case manager and "was presented with a PATTERN score sheet showing that I had an overall score of -11.  Upon review of Item 8, Drug Program Status, I observed that the score was incorrect, showing a (0) instead of (-9)."  Id.  "I advised [the case manager] that I did not have a drug or alcohol history documents within my PSI and should therefore have an overall score of (-20)."  Id.  "On 9/21/20, the Psychology department stated that according to Sentry, I was listed as 'Ed None' with regard to the drug program.  They said that they had no idea why [the case manager] sent me to Psychology as he had access to the same screen with the same information."  Id.  "Shortly thereafter I spoke to [the case manager] asking to have my PATTERN score corrected and he stated he could not do that until it was time for my next unit team."  Id.

2

Petitioner met with his case manager again on January 26, 2021 for his review and received "another PATTERN work sheet, this time Item 8 relating to the drug program was correct at (-9) but now Item 3, Violent Offense was wrongly scored. Instead of him giving me a '0' as he had on my last evaluation, this time he penalized me with a '+5', changing my overall PATTERN score from (-20) to (-15)." Id. "Again I asked why I was wrongly scored and I reminded him that I did not have a violent offense.[1] [Case Manager] responded, 'I just let the computer do the scoring.' I then asked if I could see the BOP Policy Statement for the PATTERN system and he denied my request." Id. The BP-8 asked the BOP to correct Petitioner's PATTERN score to -20. Id.

Petitioner sent a TRULINCS message to Fort Dix Associate Warden Thomas Gubbiotti on May 25, 2021. Id. at 5. "I recently filed a BP-8 related to incorrect scores being added to my last two semi-annual PATTERN worksheets. . . . I went to unit team today to obtain a BP-9 as more than (20) calendar days had passed without receiving a response." Id. Petitioner claimed he was informed that the BOP "had an indefinite period of time to answer the BP-8" and that staff refused to provide Petitioner

---

[1] Petitioner has four convictions for accessing with intent to view child pornography. United States v. Defoggi, 878 F.3d 1102, 1104 (8th Cir. 2018) (per curiam).

with a BP-9, the formal BOP administrative remedy request. Id.; see also Declaration of Corrie Dobovich ("Dobovich Dec."), ECF No. 19-1 ¶ 12. "Since unit team has refused to provide a BP-9, I am requesting permission to send my BP-8 directly to the Warden so that it may be treated as a BP-9, Formal Administrative Remedy request." ECF No. 1-1 at 5. AW Programs responded an hour later: "You will need a response from the BP-8 before you are able to file a BP-9. See your Unit Manager to inquire about a response to the BP-8. As proper protocol, an Administrative Remedy routes through several departments before going to the Warden. Therefore, your request is against BOP policy." Id.

The next day, Petitioner submitted a "Sensitive BP-10" to the BOP's Northeast Regional Office. Id. at 6. He alleged that "culture of nullifying the Administrative Remedy process has become the norm at Ft Dix. As you will see in my case and others, the initial informal grievance process is being squashed at the BP-8 with staff refusing to respond and then denying further review through the next-step process of a BP-9, BP-10 or BP-11." Id. "As such, I am seeking your assistance in resolving my grievance related to PATTERN scoring and, more importantly, the restoration of a legally established Administrative Remedy process here at Ft Dix." Id.

4

"On June 30, 2021, the appeal was rejected procedurally (SEN' 'INS' 'OTH') by the Remedy Coordinator. The rejection notice explained that Petitioner's request/appeal was being returned in accordance with policy because the issue raised was not a sensitive issue." Dobovich Dec. ¶ 12. The rejection directed Petitioner to file a BP-9 with the Warden of Fort Dix, and that "if staff refused to accept your BP8, you should have included that information with your BP9." ECF No. 19-1 at 18. According to the BOP, "Administrative Remedy records do not reflect that Plaintiff submitted any appeals concerning the procedural rejection in Case No.1086313-R1. Records also do not reflect that Plaintiff submitted any additional remedies concerning his allegation that he was scored incorrectly." Dobovich Dec. ¶ 13.

Petitioner filed this mandamus petition on June 10, 2021. The Court originally administratively terminated the mandamus petition as Petitioner had not satisfied the filing fee requirement. ECF No. 3. Petitioner paid the filing fee, and the Court ordered the mandamus petition to be served. ECF No. 9.

The BOP filed a response arguing the mandamus petition should be denied because it is moot by virtue of the BOP correcting Petitioner's PATTERN score, because Petitioner failed to exhaust his administrative remedies, and because Petitioner

5

is otherwise not entitled to mandamus relief.  Petitioner alleges the PATTERN correction has not taken place and that the BOP has prevented him from completing the administrative remedy process.  ECF No. 22.

II.  STANDARD OF REVIEW

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Mandamus relief is an extraordinary remedy, and "the Supreme Court has required that 'a party seeking issuance have no other adequate means to attain the relief he desires.'"  United States v. Santtini, 963 F.2d 585, 594 (3d Cir. 1992) (quoting Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980)).  Additionally, mandamus "can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" Appalachian States Low-Level Radioactive Waste Com'n v. O'Leary, 93 F.3d 103, 112 n.9 (3d Cir. 1996) (quoting Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987)).

III. DISCUSSION

A.  Mootness

The BOP argues the petition should be dismissed as moot. ECF No. 19 at 7.  "DeFoggi asks this Court for a variety of

6

relief, all of which centers on his previously incorrect PATTERN scoring in the Drug Program Status and Violent Offenses categories."  Id.  "While the August 2020 Score Sheet shows that his entry for 'Drug Program Status' states, 'No DAP Completed,' and gives him a score of '0' for that category, his January 2021, April 2021, and December 2021 Score Sheets all show the BOP has corrected this entry by indicating 'No Need' under 'Drug Program Status' and giving him a score of -9."  Id.  See also ECF No. 19-1 at 20-22.  "Here, because the BOP has corrected [Defoggi's] PATTERN scores, the issues raised in his Petition are now moot and the Petition should be dismissed."  ECF No. 19 at 8.

Under Article III of the Constitution, federal courts only have jurisdiction over a matter where there is a live case or controversy to be resolved.  See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate."  Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).  "The parties must continue to have a personal stake in the outcome of the lawsuit."  Id. at 478 (internal quotation marks omitted).  "[I]f a case no longer presents a live case or controversy, the case is moot, and the federal court lacks jurisdiction to hear it."  Williams v. New Jersey, No. 18-14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020).  "An action

7

becomes moot when '(1) there is no reasonable expectation that the alleged events will recur ... and (2) interim relief or events have completely eradicated the effects of the violation.'" Ames v. Westinghouse Electric Corp., 864 F.2d 289, 291-92 (3d Cir. 1988) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)) (omission in original).

Petitioner disputes that his mandamus request is moot. "This court is being notified that the alleged PATTERN assessment of 04/28/21 never occurred." ECF No. 22 at 2. According to Petitioner, "all PATTERN assessment sheets are dated. In the latest format as seen in the 12/29/21 assessment, the date may be found in the lower left hand corner, 'Assessment Date: 12/29/2021'. In the other three (08/10/20, 01/19/21 and 07/13/21) those assessment dates are displayed in the upper right hand section of the page." Id. "Neither of the PATTERN assessments filed by [the BOP] are dated." Id. He also asserts that "correcting the latest PATTERN score alone does not undo any potential harm coming from targeted manipulation of Petitioner's PATTERN worksheet as there are critical in decisions like First Step Act benefits, earned time credits, etc." Id. at 3. "Changing a single score and not setting his institutional record straight is unacceptable." Id.

The mandamus petition is moot to the extent it asks the Court to direct the BOP to correct Petitioner's PATTERN score.

8

Petitioner has been revaluated by the BOP several times since his initial request; the most recent report that was provided to this Court is dated December 29, 2021. Contrary to Petitioner's allegation, the BOP did submit a PATTERN report dated April 28, 2021. ECF No. 19-1 at 20. That assessment, as well as Petitioner's December 29, 2021 assessment, reflects that the BOP corrected his drug program status to "NoNeed" and the "Violent Offense (PATTERN)" category to "FALSE." Id. at 20-22. Petitioner did not receive any points in the "Violent Offense (PATTERN)" category. Id. Petitioner's PATTERN score was -21 as of December 29, 2021, which is a better score than the -20 that Petitioner asserted was the correct score in his BP-8. ECF No. 1-1 at 4.[2] The BOP has made the corrections that Petitioner asked them to make, and Petitioner concedes that the December 29, 2021 calculation is correct. See ECF No 22 at 2 ("First accurate reporting of PATTERN score. All assessments should have been -21."). There is nothing left for the Court to do at this juncture.

B.  Mandamus

The Court will deny the mandamus petition to the extent it asks the Court to order the BOP "to re-establish a lawful

---

[2] The BOP defines "minimum" recidivism risk as PATTERN scores "5 or less." See Male & Female Cut Points, available at https://www.bop.gov/inmates/fsa/pattern.jsp (last visited May 8, 2023). "Minimum" is the lowest recidivism risk category. Id.

9

Administrative Remedy Process . . . ." ECF No. 1 at 7. Mandamus "can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" Appalachian States Low-Level Radioactive Waste Com'n v. O'Leary, 93 F.3d 103, 112 n.9 (3d Cir. 1996) (quoting Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987)). "[P]rison inmates do not have a constitutionally protected right to a grievance process." Jackson v. Gordon, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); see also Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). In any event, the BOP has created an administrative remedy process. See 28 C.F.R. § 542 et seq. Petitioner's subjective belief that the BOP "nullified" his attempts to exhaust his grievance do not mean that the entire program is unlawful or that the BOP has denied Petitioner the ability to use it.

The BOP Northeast Regional Office provided Petitioner with clear directions on how to proceed with his grievance, stating

> The issue you raised is not sensitive. However, we retained your request/appeal according to policy. You should file a request or appeal at the appropriate level via regular procedures. You must first file a BP-9 request through the institution for the warden's review and response before filing an appeal at this level. If staff refused to accept your BP8, you should have included that information with your BP9.

ECF No. 22 at 15. Petitioner did not give the administrative remedy process a chance to proceed; he submitted this mandamus

10

petition before the Regional Office rejected his appeal.  Once his appeal was rejected, Petitioner did not attempt to follow the instructions to properly exhaust his grievances.  His failure to follow the BOP's instructions does not make him entitled to the drastic remedy of mandamus relief.

IV. CONCLUSION

For the foregoing reasons, the mandamus petition is dismissed as moot in part and denied in part.

An appropriate order will be entered.


Dated: May 17, 2023                s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.